IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OCTAVIO GUERRERO CISNEROS, | |
| Plaintiff, | 8:25-CV-135 |
| vs. | |
| DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | MEMORANDUM AND ORDER |
| Defendant. | |

The plaintiff is a foreign national who's petitioned for employment authorization while waiting for adjudication of an underlying petition for a U visa. Frustrated with U.S. Citizenship and Immigration Services' (USCIS) delay in deciding those petitions, the plaintiff is asking this Court for an order directing USCIS to make a decision. Filing 1. But the Court agrees with USCIS that the Court lacks jurisdiction over the plaintiff's claim.

BACKGROUND

Pursuant to 8 U.S.C. § 1101(a)(15)(U), aliens may be legally admitted into the United States as nonimmigrants when they've suffered physical or mental abuse as a result of certain specified categories of criminal activity and are helping law enforcement—the so-called "U visa." Certain family members of such aliens may also be admitted as nonimmigrants. *See* § 1101(a)(15)(U)(ii). And the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under" § 1101(a)(15)(U). 8 U.S.C. § 1184(p)(6).

But there are a limited number of U visas available per year. *See* § 1184(p)(2)(A). So if an alien is eligible for a U visa but one isn't available,

they're placed on a waiting list. 8 C.F.R. § 214.14(d)(2). USCIS grants deferred action or parole to petitioners and their qualifying family members while they're on the waiting list, and may authorize employment for them. *Id.*

The plaintiff in this case has petitioned for a U visa, either using Form I-918 or Form I-918A (which is for qualifying family members of U visa recipients). *See* filing 1. And the plaintiff has petitioned for work authorization, using Form I-765. *See* filing 1. But although those petitions have been pending for some time, they haven't been adjudicated yet. *See* filing 1.

The plaintiff alleges that agency action has been unreasonably delayed, and asks the Court to order USCIS to make a decision on the work authorization application within 14 days, by determining both whether the plaintiff has filed a "bona fide" U-visa petition and whether to issue employment authorization documents. Filing 1 at 14. USCIS moves to dismiss the complaint for lack of jurisdiction. Filing 5.

## STANDARD OF REVIEW

A motion pursuant to Fed. R. Civ. P. 12(b)(1) challenges whether the court has subject matter jurisdiction. Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The court has "substantial" authority to determine whether it has jurisdiction. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack'" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a facial attack, the Court merely

needs to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* Accordingly, the Court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)—that is, the Court accepts all factual allegations in the pleadings as true and views them in the light most favorable to the nonmoving party. *Id.*; *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008). This is a facial attack. *See* filing 6 at 9.

## DISCUSSION

The jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(B)(ii), provides in relevant part that "no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security. . . ." In other words, the Court is barred from exercising jurisdiction by two elements: (1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151-1382).

That includes § 1184. And § 1184(p)(6) is discretionary: "The Secretary *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." (Emphasis supplied.) The use of the word "may" suggests discretion. *Thigulla*, 94 F.4th at 775.

The plaintiff's complaint suggests that the Court can provide the relief requested in this case because it will only be ordering USCIS to make a decision, not directing USCIS in how to exercise its discretion. Filing 1 at 7. But that argument is precluded by the Eighth Circuit's decision in *Thigulla*, which applied § 1252(a)(2)(B)(ii) to discretionary decisions about the

- 3 -

decisionmaking process, not just the result. 94 F.4th at 776; *see also Joshi v. Garland*, 728 F. Supp. 3d 1028, 1033 (D. Neb. 2024); *Chalamalesetty v. Jaddou*, No. 4:22-CV-3182, 2023 WL 6387976, at *3 (D. Neb. Sept. 29, 2023), *aff'd*, No. 23-3216, 2024 WL 1920254 (8th Cir. Apr. 30, 2024), *cert. denied*, 145 S. Ct. 546 (2024). The Court is required to defer to "Congress's broad prohibition of judicial review in § 1252(a)(2)(B)(ii)" and "the tradition of agency discretion over internal procedures." *Thigulla*, 94 F.4th at 777; *see also Kanapuram v. Dir., US Citizenship & Immigr. Servs.*, 131 F.4th 1302, 1307 (11th Cir. 2025); *Geda v. Dir. United States Citizenship & Immigr. Servs.*, 126 F.4th 835, 847 (3d Cir. 2025); *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024), *cert. denied*, 220 L. Ed. 2d 422 (Jan. 21, 2025).

The decision the plaintiff seeks to compel and, more importantly, the *process* by which that determination is made, are squarely discretionary as explained by *Thigulla*. *See Joshi*, 728 F. Supp. 3d at 1033; *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 366-71 (4th Cir. 2021). *But see Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 445 (6th Cir. 2022).[1] As such, judicial review of the plaintiff's claim is barred by § 1252(a)(2)(B)(ii). Accordingly,

_____

[1] The Court is aware that in *Barrios Garcia*, the Sixth Circuit found jurisdiction to review such a claim by concluding that § 1184(p)(6) is a "semi-mandatory statute that does not unambiguously specify for § 1252(a)(2)(B)(ii) purposes that DHS maintains discretion over issuing work authorizations." 25 F.4th at 445 (cleaned up). But the Court finds no ambiguity in the statutory authorization that "[t]he Secretary *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status. . . ." § 1184(p)(6) (emphasis supplied); *see also Joshi*, 728 F. Supp. 3d at 1033; *Gonzalez*, 985 F.3d at 366-71. Nor can the Court reconcile the Sixth Circuit's conclusion that the "BFD process" set forth in the USCIS manual for determining whether a U-visa petition is "bona fide" is outside the discretion conferred by the statute, *see Barrios Garcia*, 25 F.4th at 445, with the Eighth Circuit's holding in *Thigulla* that the regulatory "Adjudication Hold Policy" implemented by

IT IS ORDERED:

1.      The defendant's motion to dismiss (filing 5) is granted.

2.      The plaintiff's complaint is dismissed.

3.      A separate judgment will be entered.

Dated this 6th day of May, 2025.

                        BY THE COURT:

                        John M. Gerrard
                        Senior United States District Judge

---

the Attorney General for processing visa applications was subject to the Attorney General's broad statutory discretion to adjust status and issue regulations relating to that process, *see* 94 F.4th at 776. The Fourth Circuit's decision in *Gonzalez* is, in this Court's view, both more persuasive and more consistent with extant Eighth Circuit precedent. 985 F.3d at 366-71.